Parker C. J.
delivered the opinion of the Court. Upon 1 1 the first point made by the defendant’s counsel, we are of opinion that the form of the indorsement does not avoid the liability of the attorney created by the statute 1784, c. 28, §11.
The intention of the legislature was, to give a remedy for costs to the defendant who was unjustly sued, against the attorney as well as the plaintiff, unless the plaintiff himself should indorse the writ in his own proper person.
The statute provides, that all original writs &c. shall be in-
dorsed by the plaintiff or plaintiffs, or one of them, or by his or their agent or attorney ; and in a subsequent clause of the same section, that the plaintiff’s agent or attorney, who shall so indorse, shall be liable, &C.[1]
It has been usual, when the attorney indorsed, to omit the name of the plaintiff, and in this case it being indorsed more specially, viz. in the name of the plaintiff by the attorney, with his name as such, it is thought this is not an indorsement by the attorney, within the meaning of the statute, but an indorsement by the plaintiff himself. But this is a refinement which hardly entered into the contemplation of the legislature, and indeed will not bear the test of reasonable examination. The common indorsement is nothing more nor less than an abbreviation of this, and means the same thing. A. B. attorney means exactly the same thing, as C. D. by his attorney A. B. In the case of Chadwick v. Upton, 3 Pick. 442, the Court gave the same construction to the statute on a different question.[2]
Upon the second objection we think the defendant ought not to prevail. It is, that the trustee is not entitled to costs, because he did not swear to the truth of his answers in court.
*28 The statute of 1794, c. 65, § 3, provides, that if any supposed trustee shall come into court the first term, and declare, &c. and shall thereupon submit himself to an examination, upon oath, &c. the court shall award him his legal c osts. We understand in this case, that the trustee, the present plaintiff, did come into court the first term and offer himself for examination, but not upon oath, he having afterwards s'vorn to his answers out of court. This by the statute of 1817, c. 148, § 2, he was allowed to do. It has not been deeme 1 necessary that the mere general denial of effects, which is u molly made at the first appearance, should be under oath, if an ;xamination on interrogatories is intended ; the oath is genera ly administered at the close of the examination. And this course is quite consistent with the views of the legislator 3; who intended to prevent any delay on the part of the trustee, by making his title to costs depend upon his presenting himself for examination at the first term ; if he does so, and is not ex amined, it is the fault of the plaintiff, and the trustee ought not to be deprived of bis costs. If the plaintiff is s<‘ tisfied with the general denial of effects, in order to be dischai ged and to have his costs, the trustee must make oath to his general answer.
There having been here an appearance the 'first term, and a submission to examination, and the trustee having been discharged, he is entitled to his costs, though he did not swear to the truth of his answers in court; for by the statute last cited, in all cases where any supposed trustee has appeared in court and submitted himself to examination on oath, th it is, where he has offered himself for such examination, his tnswers may be sworn to before any judge of the Court of Common Pleas, or any justice of the peace. This provision was not intended to vary, in any manner, the grounds upon which he should be entitled to his costs.[1]
The remaining question is more difficult, and seems never to have been presented for judicial decision, viz. whether by virtue of the statute first above cited, the attorney .vbo has indorsed the writ is liable for the costs of the trustee as well as for the costs of the principal.
*29 And we do not think such liability can be inferred from the words or the spirit of the statute of 1784. The general object certainly was, to provide a security for costs, for the defendant in a common suit between party and party. It is enacted, that the plaintiff’s agent or attorney, who shall indorse the writ, shall be liable, in case of the avoidance or inability of the plaintiff, to pay the defendant all such costs as he shall recover, and shall pay all prison charges that may happen when the plaintiff shall not support his action. The case contemplated is, when the plaintiff shall fail to support his action ; but he may support his action, and yet the person summoned as trustee may be discharged; so that the case before us does not come within the words of the statute. Nor does it come within its spirit and intention ; for the intention of the legislature seems to have been, that the attorney who indorses should guaranty the validity of the suit, so far as to indemnify the person sued against a groundless suit; and it was he only that was intended to be secured, the defendant in the action ; and we cannot consider the person summoned, to be in any sense the defendant. He has nothing to defend against, for it is wholly immaterial to him whether the suit against the principal is just or unjust. If he owes him money or has his goods, he discharges himself by paying to one who is substituted by the law as his creditor.
Besides, here, the plaintiff prevails in the original suit, and obtains judgment against the defendant; so that the very condition on which the liability of the present defendant as indorser happens, has failed.
In the case of Fairbanks v. Townsend, 8 Mass. R. 450, the Court considered the liability of the indorser as depending upon the failure of the plaintiff to support his action. The provision of the statute was construed strictly, and by the same rule of construction applied to this case, the defendant cannot be held liable.[1]

Plaintiff nonsuit.

 See Revised Stat. c. 90, § 10 to 13.

 See Robbins v. Hill, 12 Pick. 509; Clark v. Paine, 11 Pick. 6G; Davis v. MlArthur, 3 Greenleaf, 27; Hozo v. Codman, 4 Greenleaf, 81, 82, and note ; Harmon v. Watson, 8 Greenleaf, 280; M‘Gee v. Barber, 14 Pick. 212; Shillings v. Bozjd, 1 Fairfield, 43; Stevens v. Gctchell, 2 Fairfield, 443; Rozoe v. Truitt, 14 Maine R. (2 Shepley,) 393 ; Miner v. Smith, C N. Hamp. R. 219.

 See Revised Stat. c. 109, § 11,12, 49.

 See Revised Stat. c. 90, J 11.